2. That the involved merchandise was entered or withdrawn from warehouse for consumption on or after February 27, 1958 and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

3. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely sold for exportation to the United States to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the amounts marked "X" in red ink by the Examiner.

On the agreed facts and following the decision in the cited case, I find and hold that export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the values of the merchandise involved and that such values are the appraised values, less the amounts marked "X" in red ink by the examiner.

Judgment will issue accordingly.

(Reap. Dec. 10487)

HURRICANE IMPORT CO. v. UNITED STATES

Entry No. 19918, etc.

(Decided April 16, 1963)

*Lawrence & Tuttle* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: Counsel for the parties have submitted the above-enumerated appeal for reappraisement on stipulation, reading as follows:

1. That this stipulation is limited to the merchandise marked "R" and initialed CF (Examiner's Initials) by Examiner C. Fleischman (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" hereto annexed.

2. That as so limited, the merchandise and the issues are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That the involved merchandise was entered or withdrawn from warehouse for consumption prior to the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

4. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely sold for exportation to the United States to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of

trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the items described on the invoices under the heading "Actual Charges".

5. That the above-entitled appeal for reappraisement may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and following the decision in the cited case, I find and hold that export values as defined in section 402 (d), Tariff Act of 1930, is the proper basis for the determination of the values of the merchandise described above and that such values were as set forth in item 4 of stipulation.

As to all other merchandise, the values found by the appraiser are held to be the correct values of the merchandise. Judgment will issue accordingly.

(Reap. Dec. 10488)

HURRICANE IMPORT COMPANY (MOJONIER) ET AL. *v.* UNITED STATES

Entry No. 24065, etc.

(Decided April 16, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in schedule "A," attached hereto, for decision upon stipulation, reading as follows:

1. That the merchandise and the issues involved in the appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

2. That the involved merchandise was entered or withdrawn from warehouse for consumption on or after February 27, 1958 and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

3. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the amounts marked "X" in red ink by the Examiner.